We'll move on to the next case. It's Arturo Rubinstein v. Yoram Yehuba and Mr. Brownlee is here for the Appellants and Mr. Grossman is here for the Appellees. Mr. Brownlee, you may begin when you're ready. May it please the Court. Good morning, Your Honors. Mike Brownlee. I'm here on behalf of the Yehudas who are the Appellants and Cross Appellees. Your Honors, we have five issues I think up for discussion today. Four were raised in the briefing and the Court has raised an additional issue about the timeliness of the cross appeal in this case. I'd like to start with that one strangely just because I think it's the simplest issue and I think it could save some time from addressing the merits of the cross appeal because I do indeed think it was untimely and the Court lacks jurisdiction to entertain the substance of the argument. The notice of appeal in this case, the notice of cross appeal was filed April 10th, 2020. That's 15 days later. Under a Federal Rule of Appellate Procedure 4A3, there's a 14-day deadline. Is there an objection by the Yehudas? No, Your Honor. Not to this. The Court raised this issue sui sponte just a week ago or so. The timeliness, it's a local rule violation, right? Not a Federal Rule of Procedure rule. Is that right? It's not a congressionally mandated time limit. That's true, Your Honor, but this Court's previously held in Jackson v. Humphrey, 776 F. 3rd, 1232. In this Court, not all courts, but in this Court, it's a jurisdictional timeline. Excuse me, jurisdictional bar to review if it's . . . What case did you just cite? It was Jackson v. Humphrey and it's 776 F. 3rd, 1232. In a footnote 6, it discusses there's a circuit split, but this Court in that case and then in a previous case had held that . . . What circuit is that case on? That's this Court, Your Honor, 2015 case. Sorry, I should have mentioned that first. As I said, I believe the Court lacks jurisdiction to entertain the substance of the cross appeal, and that's a good segue, I suppose, to our big ticket argument, which is jurisdiction in general over the case. Your Honor, this was never a Federal RICO case. I don't think it should have been a Federal Court from the outset. As the magistrate's language made clear, I think in atypically terse language . . . The big problem for you, at least as I see it, is that you stipulate it to the exercise of supplemental jurisdiction over the state law claim. Correct. Trial counsel stipulate it. Not just overruling an objection. You stipulate it. Right. That's a fair question, Your Honor. I think this is a close call on subject matter jurisdiction. Generally, I think there are problems with both sides of the argument. The stipulation is obviously one for us, but that was on the eve of trial. At that point, just a couple of weeks before trial, when this question should have been assessed is when we did raise it, which was far back during the pleading stage, I think. After the District Court determined that the RICO count was going to be dismissed, you never moved to dismiss the rest of the case because supplemental jurisdiction shouldn't have been exercised or because, as you are now contending, your view that there was no jurisdiction in the first place because the RICO count was just so frivolous in your view. Correct. So isn't that a problem for you, that you never raised this again? It's certainly inconvenient, I'll acknowledge, but it shouldn't be fatal because in the motion to dismiss and the reply to the response to the motion to dismiss, all of those arguments were post-dismissal of the claim. They did not renew the argument at any point. Here's what I would say. This is how I'm looking at it. Let me know if you think there's something wrong in my analysis. It seems to me that as long as it was not a situation where there was no jurisdiction from the outset, and I'm not sure that this is a situation where there was no case, I think this probably was at least arguable enough. Then the question as to supplemental jurisdiction is a discretionary one. And maybe at the time that the court decided to go ahead and exercise supplemental jurisdiction, if we were looking at it in that instance, that one instant or moment of time, maybe the factors would have factored going back and being remanded. But now we're looking at it after a jury trial and after the whole thing has been litigated, and it's within the district court's discretion. So why should we conclude that the with the supplemental jurisdiction on the other claims? Because I think if the factors had been assessed as we asked the court to do, excuse me, as trial counsel asked. Except you didn't ask the court to do it again after the district court granted the motion to dismiss on the RICO count. 100%. But in the motion to dismiss and then all those pleadings and in the reply, I mean, specifically cited to 1367C and said that if this count is dismissed, if the RICO count is dismissed, so too should the state law claim should go too. And that was the first mention of supplemental. That's true. But at this point, why do we not consider the equities involved with having, I mean, if you had moved for it at that time, then you might well be right. I mean, the factors at that time probably would have favored remanding it. But now the court has put in all of this time, there's been a jury trial, you know, years have gone by and you're raising it really for the first time on appeal. It seems like now we look at the equities at this, you know, right now at this point in time and equities have changed and the factors that we have to evaluate have changed. Why is that? I guess I'm asking you either, why is it that we don't look at it now at this point in time as opposed to back when the court originally started exercising supplemental jurisdiction? Or if you agree with me that we look at it at this time, why, when we consider those equities and those factors, why is it that remand would be warranted at this late hour? Because I don't think we have to look at it now. I think we should look at it at the time when the argument was made to the district court. And what is your, what is the basis, what authorities do you rely on? Well, there are two Seventh Circuit cases where it was never addressed at all below and we've cited those in our briefing where it went to a full jury trial through a verdict and in the Ameritox case from this court in 2015, similar situation. And where does it say that we cannot look at the factors as of this point in time? It says in the Ameritox decision, there's an extensive discussion by Judge Choflat that talks about if it is the plaintiff's burden to make sure you are in federal court properly at all times. And it's respectfully, it's the court's also duty to weigh whether or not it has or to assess jurisdiction at all times. Is there a stipulation in any of those cases? No, Your Honor. See, that's the problem. Right. That's the problem. It seems to me like if you stipulate, Your Honor, we stipulate to the exercise of supplemental jurisdiction, implied in that is that the federal claim is not inescapably frivolous. You're stipulating, I mean. There's also a lot of law that you can't stipulate to jurisdiction where there otherwise is not. That's true, except that that's not what you're stipulating to at that point, right? I mean, even if you, if we look at this and we, that's why I was asking you before and saying that I don't think that it's, I think it's arguable. It's not clearly frivolous. And when you've got that, then the question becomes something else on supplemental jurisdiction. On supplemental jurisdiction, it's not then a real jurisdictional question, right? It is because as long as it was there, as long as the case was originally filed at a time when there was jurisdiction, even if the federal claim is eventually dismissed, you can still have jurisdiction for state law claims, even if there's no surviving federal law claim. Would you agree with me on that? Yes, Your Honor. Okay. So that being the case, then the question becomes much more of a discretionary type of issue. And that's why I'm having the trouble with the position you're taking. If I can just read from the 2015 statute, it says, once any of these C3 factors is satisfied, which in this case would be the dismissal of the federal claim, the district court possesses the discretion to dismiss supplemental claims and must weigh at every stage of the litigation, whether to dismiss the supplemental claims. So that's why I think you have to go back to that freeze frame to that point in time. I thought that Ameritox suggested that the default is to exercise supplemental jurisdiction. Correct. It says that that's the default, but you can't do that silently. I mean, the court still needs to make those findings, make that assessment formally on the record, even if the presumption under the statute is that you're going to exercise jurisdiction. And especially where the court's been called upon at that point in time, and it's been argued that the rest of the claim should be dismissed. I'm into my rebuttal time, Your Honor. You've reserved some time. Thank you. Thank you. All right. Mr. Grossman. Thank you, Your Honor. Good morning. May it please the court, Brian Grossman for Mr. Rubenstein. I'm going to follow my colleague's lead and jump straight to the punitive, excuse me, the cross appeal issue. We concur that the cross appeal was filed one day late. We do not agree that it is a jurisdictional bar to this court. In Hamer versus Neighborhood Housing Services Chicago, United States Supreme Court case 138 Supreme Court 13, a 2017 case, United States Supreme Court held that the federal rules are in fact rules and they are not mandated statutes by Congress. So you're saying that that abrogated our holding? Yes. And in fact, Judge Rosenbaum, in United States versus Alston, a recent case on which you served, 2022 Westlaw 703854, that case held that federal rule of appellate procedure 4B was not jurisdictional. Therefore, we are talking about what the court refers to as a mandatory claims processing rule, not a jurisdictional bar and a mandatory claims processing rule may be forfeited as stated by the United States Supreme Court in Fort Bend County, Texas versus Davis. You recognize that then we would have to conclude, I'm not saying we can't, I'm just saying we would then have to conclude that our precedent on this holding that this is a jurisdictional requirement has been abrogated by the United States Supreme Court. But I'm saying you would agree that we would have to find that. Yes. Okay. And now then the next question automatically obviously becomes, is this a holding that is directly on point on all fours? And the reason I ask that is because our prior precedent rule is extremely strict, which I'm sure you're aware of. And so it requires that it be on all fours so that even if the rule that we followed previously, it seems like it would be abrogated. If the case is not found to be on all fours with the Supreme Court case, then we are required to continue to apply that rule. So it's probably worth your time to explain why you think it's on all fours. Sure. So the question really becomes, how does one define on all fours? If this court were to say, we need to see United States Supreme Court decision that says that federal rule of appellate procedure for A3 is not jurisdictional. Well, that's one thing, but I think that is far too high of a standard. Your position is that necessarily under that any Supreme Court case that necessarily would demonstrate that our prior rule is wrong is on all fours under our precedent. That's your position. As it pertains to the federal rules of appellate procedure. Yes. Otherwise you're left with a fairly bizarre situation where a court would say, well, some of the federal rules of appellate procedure are mandatory claims processing rules. I think that's untenable. And I think that the United States Supreme Court has resolved this issue by stating that federal rules are not jurisdictional. They were not created by Congress. They do not bar somebody as a jurisdictional matter. They are instead mandatory claims processing rules. And according to another Supreme Court case, Fort mandatory claims processing rules, quote, may be forfeited. If the party asserting the rule waits too long to raise the point here, one could not have waited any longer. In fact, the cross appellees did never raise the point until right now and only at the invitation of the court. The court is also per justice Ginsburg in the hammer case, also entitled to consider equitable considerations. This cross appeal was filed one day late. It is a substantial cross appeal pertaining to a, an amount of controversy of $500,000. And if I may address the merits of that cross appeal, we're dealing with a, the court's decision to issue a mitigation of damages jury instruction on a conversion claim, a conversion claim where my client had his money stolen in April of 2017 and sued in May of 2017. We argued below in front of judge Williams. And we continue to argue now that that instruction never should have been given because the evidence adduced to trial did not raise any prospect or possibility of a mitigation of damages defense where Mr. Rubenstein had his money stolen in April and sued three weeks later. Turning now to a supplemental jurisdiction. We certainly agree that in this case, the Yehudas waived their argument. I, we think it's, it's essential and critical that when magistrate judge Torres decided to dismiss the RICO claim, the Yehudas had an opportunity to ask judge Williams, no, we want more than that. We want you to dismiss the entire case. They did not do that. They had an opportunity to do so. And they did not. Instead they stipulated to jurisdiction. They stipulated, but this is what I'm struggling with. Can the parties stipulate to the exercise of supplemental jurisdiction to consider a state law claim after the dismissal of an inescapably frivolous federal claim? Can the parties do that? Yeah. I mean, if it's clear that the federal claim is inescapably frivolous, if that's clear, can they stipulate to the exercise of supplemental jurisdiction to consider the state law claim? Your honor, I would like to answer that question. Yes, but I can't because of what I learned. Excuse me? Why? Why? Why? Yes. Because as, as we were taught in law school you can never waive your objection to a subject matter jurisdiction. I certainly like to argue that, that a party who goes so far as to stipulate so if it's clear that the federal claim is frivolous, has no, not only it doesn't have any merit, it's inescapably frivolous, then the parties can still stipulate to the exercise of supplemental jurisdiction over the state law claim. I'd like to say that the Yehuda's should not be permitted to argue lack of subject matter jurisdiction. But I have to agree with Mr. Brownlee that if the, if the federal court, so there's no jurisdiction, but the parties can stipulate the jurisdiction is what you're saying. No, I can't say that. You're, you're saying that it wasn't inescapably frivolous in the first place. And yes, that's the only way that you can prevail on this, isn't it? Agreed 100 percent. And, and on that, we find that it was inescapably frivolous, then we dismiss this whole case, right? Yes. Okay. But your position is it's not inescapably frivolous and you're, you're relying on WIKE, right? And more, much more than that. I'm relying upon the cases, the RICO cases, the cases that have held case matters to be inescapably frivolous, obviously without merit. I'd also like to point out some additional cases that we did not cite in our brief. One of them is toddle in franchising versus KPJ associates, eight fed fourth 56, a first circuit case of 2021 that says, quote, only the most extreme cases will flunk the substantiality test. And that the inescapably frivolous and obviously without magistrate judge said this, that RICO claim has no merit. Yes. No merit at all. As most judges do, I believe when, when they grant 12 B six motions, no pattern of racketeering activity, you don't have the right predicate acts. Your honor, we, we believe that there was a pattern, but I, but before I get to that, I'd like to first assist the court in, in framing a manner in which to determine what is a inescapably frivolous case. What is an obviously without merit case. And again, I want to stress that these criteria are quote narrowly drawn. That's WIC fire LLC versus Woodruff nine 89 F third three 43, a fifth circuit case from 2021. We need only look at the cases that have held claims to be inescapably frivolous Williams versus as tar, Indiana gaming cork cited in the briefs, a seventh circuit case where a compulsive gambler sued a casino because it wasn't going to allow him to gamble without a doctor's note saying that he's okay to gamble. That was frivolous Oak park trust. That was a RICO case, by the way, Oak park trust versus a savings bank, excuse me, Oak park trust and savings bank versus their Kildsen also cited in the briefs. That's where a gentleman had a time barred claim who just happened to be able to revive it because there was a federal case being asserted against him. So he was able to, to file a cross claim in that case. He needed a federal claim. He, he concocted a RICO claim just to get back in on a case that was time barred and the, and the circuit court said, listen, you're claiming that somebody promised you that there would be a security cameras at your, at your establishment. If they made that promise, great, then that's a breach of contract. If they didn't, well, then it's neither a breach of contract nor a fraud, but this is not fraudulent conduct. Another one I found is. So your point is that unlike these cases where the conduct involved was not even arguably fraud here, the jury actually returned a verdict finding that the conduct that was alleged is the basis for the RICO claim was fraud. Yes. Fraud conversion so much so. And we didn't raise this in the brief, but it's in the record that, that we went to magistrate judge Torres, the same judge who, uh, who recommended the granting of the 12 B six. And we asked him to, for permission to see the who does attorney client communications with their own attorneys under the crime fraud exception. And he granted that motion. That's docket entry three 31. So we won on fraud. We won on conversion. We got a crime fraud exception. We believe that there was a pattern of, of conduct, multiple transactions, your honor. Obviously judge, uh, um, magistrate Torres said that there was only one transaction here that was stealing Mr. Rubenstein's money at the end of the, of the transaction, the sale of the hotel. But if you look at, for example, uh, the Yehuda's creation of Fabrock one, my client's company is Fabrock. They create Fabrock one in August of 2015, in order to, um, defraud their own accountant in order to put Fabrock one on, uh, Oceanside miles tax returns that was done in, in August of 2015. The contract to enter into the sale of the property didn't occur until December of 2016. So whatever the Yehuda's had in mind in August of 2015, it certainly wasn't stealing Mr. Rubenstein's share of the sale proceeds of a hotel that wasn't even under contract yet. They were, had something else in mind, probably trying to take over the company, probably trying to, to, to get, uh, Mr. Rubenstein's share of retained earnings for each year. So we believe that, that if you look at this, maybe in a potato, potato sort of way, you can see that there was a pattern, that there was more. And so let me ask you this, because I think the difficulty with this kind of an argument or this kind of issue is there's clearly a difference between something that's just not meritorious and something that is clearly frivolous and not meritorious. What is the rule that you would suggest that we come up with, um, to define what that difference is? Your Honor, I've thought about that a lot and I always go back to, uh, I think it was, um, what was it? Justice Stewart's. You know it when you see it. Yeah. I mean, and I understand what you're saying, except that's not really that helpful as far as guidance goes. So I have a, I have a plan B. Okay. Let's hear plan B. My plan B is whether you can analogize this case to a case where a court held that it was, uh, inescapably frivolous or obviously without merit. Can you say, oh, this case is like so and so. So basically you are, your argument is that it's like, um, if, if I could analogize in a 1983 case where you have to, in order for qualified immunity, you have to find not just the constitutional violation, but that it was clearly a constitutional violation, right? And so it's that extra step between there being a violation and it being that, that no reasonable person would know, no reasonable officer in that situation would know that what he or she was doing violated the constitution. You're basically saying we adopt sort of, I guess, uh, uh, claims related version of that rule in order to describe the difference between a non-meritorious claim and one that is clearly frivolous. Is that fair to say? Yes. And I would say that you can be assisted by the cases that were cited in the brief, assisted by the lack of a case to which we can analogize and assisted by the fact that unlike any of these cases that I cited, we did prove fraud. This might be the perfect case for another three-prong test. Your Honor, thank you. I see my time is up. Thank you, Mr. Grossman. Mr. Brownlee, you've reserved some time for rebuttal. Please no three-prong test, Your Honor. Please no three-prong test. Okay, we have, we already have a definition of, of insubstantial for purposes of getting into federal court. It's in WIKE and insubstantial is defined as obviously without merit or foreclosed by precedent. Magistrate judge, read the magistrate judge. But let me ask you this because there is a difference between something just being non-meritorious, that is failure to state a claim and clearly frivolous for purposes of finding that there's no jurisdiction. Would you agree with me on that? 100%. Okay, and so just saying that it's obviously, I mean, just saying that it's obviously not meritorious, can you further define that for us? Because I'm not sure that's that helpful. Sure, I think the court has to be very careful to make sure there's not a chilling effect for people bringing legitimate federal claims into federal court. Needs to be careful to say a failure to state a cause of action in a close case is not tantamount to an insubstantial federal question, right? I mean, there's the tension, but read the magistrate judge's report and recommendation and you can pick any one of those adjectives and I think they would suffice to explain what an insubstantial federal claim is. This is, the cases are legion that discuss, we are federal courts, we federal courts are very concerned about garden variety fraud cases being tortured into RICO cases. That is 100% what this case is. I mean, we've got, even in the briefing, the real problem, there are many problems as a magistrate judge. Let me ask you this, do you have a, what are the RICO fraud cases that you rely on where there was actual fraud found but the case was dismissed on, or the RICO claim was dismissed? I think the Williams case and the Federal, I can't remember the pronunciation, but the both deal with findings where there was either, I think, I'm not sure. Yeah, I don't think the, yeah, I don't think. Yeah, I see what you're getting at. I don't think those cases probably answer that question. I think they're close but don't answer it specifically. Do you have any that do? No, but I'll find some, I'll go find some and cite them as supplemental authority if the court would allow. But even in the briefing, Your Honors, when the magistrate judge says this isn't even close, we have nowhere after three tries, you can't allege a pattern of racketeering activity, which is the thing you have to allege to, you've got to be able to allege to state a Federal RICO claim. This is not just a normal failure state of cause of action. I mean, you don't see that type of language typically in, hey, you didn't, you're not able to state a cause of action. It's much more. Let me ask you this, what would be an example of a RICO claim where there's fraud that it's a really hard claim to successfully plead? So what would be an example of the kind of case where it could get dismissed because you didn't successfully plead a RICO claim, but that you still proved a fraud? So let's say you were able to allege a pattern of racketeering activity. You were able to allege one underlying criminal predicate act, but you didn't meet mail fraud because there was a dispute about whether. Then how is it a fraud, a Federal fraud? You could still have fraud if you don't have, I mean, garden, just normal, good old state, state law fraud, you could still have. Okay. You're right. You're right. Even though you don't have a Fed, right. I mean, you got, we have to be careful about separating. We're in Federal court. I understand. Right. So, and even in the briefing, your honors, if you look at pages 31 to 32 of the answer brief, there's an attempt to allege, to explain why the magistrate judge's ruling was wrong and that there was a pattern of racketeering activity. There are two reasons provided by Mr. Rubenstein. One is that the Yehudas usurped Mr. Rubenstein's role as Oceanside's manager. Their entire theory of the case this whole time is that the deal was the Yehudas would be able to continue as the managers of the resort. So that is, not only is that not a good explanation, it flies in the face of their entire theory of the case throughout trial. And the second reason is that the Yehudas did not reimburse Mr. Rubenstein for some attorney's fees from a bankruptcy proceeding. I mean, really? That's, that's, this isn't RICO? There's no, and plus there was no agreement cited by the parties that that, those weren't even pled in the, in the RICO complaints as predicate, as, as a pattern of racketeering activity. It was never a Federal RICO claim. I think the magistrate judge realized that. And I think that's what the court should focus on. And if there's, lest there be any doubt, I think at the very least, there should be a remand to the magistrate judge to determine whether, whether or not that, you know, this equates to an insubstantial Federal claim for purposes of Federal jurisdiction. Didn't the magistrate judge think it was a diversity case? Later, he seemed to think that it was a diversity case, yes. Yeah. Thank you, Your Honors. Thank you, Counsel.